WILLIAMS, J.,
dissents.
hi respectfully dissent for the reasons expressed in the original opinion, in addition to the following remarks in response to the creative legal reasoning displayed in the majority opinion.
Despite the asserted strict adherence to Bergeron, the majority ignores the second part of the heavy burden standard, which provides for a change in custody after a considered decree upon clear and convincing proof that the harm likely to be caused by a change of environment is substantially outweighed by the advantages to the child. Significantly, the majority also fails to mention the appellate standard of review reaffirmed by Bergeron, in which the supreme court mandates that on appeal, the trial court’s determination in child custody matters is entitled to great weight and the court’s discretion shall not be disturbed on review absent a clear abuse of discretion.
In this case, the trial court carefully considered the best interest of the child, finding that there would be a substantial benefit to the child in residing with his mother in close proximity to his grandparents and extended family and that there was little likelihood of harm to the child by a change in physical custody. The trial court’s determination was reasonably supported by the record, which shows that the child’s home environment was disrupted by relocations twice within one year and that the child’s education was interrupted by the father’s conduct in moving the child to yet another state in violation of the existing court order. The majority has simply substituted its own view of the evidence for that of the trial court in | ^disregard of the proper standard of appellate review.
In addition, the majority has not presented any persuasive legal authority for the assertion that once a relocation issue has been decided by a district court, Ber-geron prohibits the consideration of any subsequent relocation of the child, regardless of the particular circumstances of such a proposed relocation. Nor does the statute support the majority’s contention that after an initial relocation has occurred, the relocating parent is then relieved of the burden of proving that another move is in the child’s best interest. To the contrary, the express language of LSA-R.S. 9:355.13 places the burden of proof on the parent seeking relocation. There was no showing that the Legislature intended any different burden for subsequent relocations.
Similarly, the statutory language contradicts the majority’s assertion that the definition of relocation means only the first out-of-state relocation. The reference in Section 9:355.1(4) to “any location outside of the state” would reasonably include a move to Kansas, whether or not there had been a previous residence in Alabama. Finally, I would suggest that Section 9:355.2(B) must be read in conformity with the preceding paragraph, which merely addresses the applicability of the law based upon its effective date. Thus, this statutory provision cannot reasonably be interpreted *837 as a limitation on the trial court’s ability to consider the relocation issue in this case. Based upon this record and the applicable law, I would affirm the trial court’s judgment.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, CARAWAY, DREW and MOORE, JJ.
Rehearing application of Christy Gray denied.
WILLIAMS and STEWART, JJ., would grant rehearing.